## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **KEITHON PATTERSON**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **THE CITY OF CAPE CORAL, FLORIDA**, <br><br> Defendant. | CIVIL ACTION <br><br> Case No. 2:22-cv-331 <br><br> Judge: <br><br> Mag. Judge: |

### COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **KEITHON PATTERSON** ("PATTERSON"), by and through undersigned counsel, and bring this action against the City of Cape Coral, Florida ("Defendant") and states the following for his Complaint:

### INTRODUCTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII) and Florida Civil Rights Act (FCRA) for (1) unlawful racial harassment in violation of Title VII, and (2) unlawful racial harassment in violation of the FCRA.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

1

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Lee County is within the Fort Myers Division.

5. **PATTERSON** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on or about March 23, 2022 and the Complaint is filed within the time frame required under the law. A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.

## PARTIES

6. Plaintiff, **KEITHON PATTERSON** ("**PATTERSON**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by the Defendant in Lee County, Florida.

7. Defendant, **CITY** is a Florida municipal corporation in Lee County, Florida and employed **PATTERSON**. The Defendant is Plaintiff's employer. The Defendant is an employer as intended by Title VII and the FCRA.

## GENERAL ALLEGATIONS

8. **PATTERSON** is employed by the Defendant as Chief Plans Examiner.

9. **PATTERSON** began his employment on June 13, 2019.

10. **PATTERSON** always performed his assigned duties in a professional manner and remains very well qualified for his position.

11. **PATTERSON** always received good to very good performance reviews from the Defendant until he complained of a hostile workplace based on race.

12. **PATTERSON** is African-American and as such, is a member of a protected class.

13. **PATTERSON** was the only African-American in his department.

14. Throughout his employment, **PATTERSON** has been subjected to a hostile workplace based upon race.

15. More specifically, he has been exposed on a nearly daily basis to crude racial slurs and comments such as "those Spanish guys," "a bunch of Julios on the roof," and referring to **PATTERSON** as "the head nigger in charge."

16. The latter comment began to be made after **PATTERSON** obtained his current position and began making positive changes to the section he was tasked with running, which was not met positively by several Caucasian subordinates.

17. On July 20, 2021, **PATTERSON** met with some of those employees and his supervisor, who informed him that his changes were not being positively received by management and that the supervisor's superior stated he would "teach 'that boy' a lesson," in reference to **PATTERSON** as an African-American.

18. The very next day, the Defendant opened a sham investigation against **PATTERSON**, alleging in the vaguest of terms that he somehow engaged in sexual harassment, which he absolutely did not. The Defendant refused to provide **PATTERSON** with any specifics, and adjourned the meeting without any resolution or explanation as to why this vague allegation was being made just one day following his supervisor's superior statement that he would "teach 'that boy' a lesson."

19. On July 29, 2021, **PATTERSON** prepared and submitted a letter via e-mail outlining the racial harassment he was experiencing to his supervisor's supervisor (Cautero), in anticipation of the meeting with him. Mr. Cautero cancelled that meeting.

20. The Defendant took no remedial action regarding **PATTERSON**'s complaints of racial harassment and they remain unresolved and the hostile workplace remains.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, HOSTILE WORKPLACE BASED UPON RACE

21. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

22. **PATTERSON** is an African-American male and as such, is a member of a protected class.

23. At all material times, **PATTERSON** was an employee and the Defendant was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

24. **PATTERSON** was, and is, qualified for the positions that he held with the Defendant.

25. While employed with the Defendant, **PATTERSON** has endured harassment based upon race that is severe or pervasive, thereby altering the terms and conditions of his employment.

26. The acts, failures to act, practices and policies of the Defendant set forth above constitute a hostile workplace on the basis of **PATTERSON**'s race in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

27. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **PATTERSON** has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path.

28. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **PATTERSON** is entitled to all relief necessary to make him whole as provided for under 42 USC § 2000e et seq.

29. As a direct and proximate result of the Defendant's actions, **PATTERSON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

30. **PATTERSON** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    iv.    Reasonable attorney's fees plus costs;

    v.    Compensatory damages, and;

    vi.    Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, HOSTILE WORKPLACE BASED UPON RACE

31. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

32. **PATTERSON** is an African-American male and as such, is a member of a protected class.

33. At all material times, **PATTERSON** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

34. **PATTERSON** was, and is, qualified for the positions that he held with the Defendant.

35. While employed with the Defendant, **PATTERSON** has endured harassment based upon race that is severe or pervasive, thereby altering the terms and conditions of his employment.

36. The acts, failures to act, practices and policies of the Defendant set forth above constitute a hostile workplace on the basis of **PATTERSON**'s race in violation of the FCRA.

37. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **PATTERSON** has lost benefits and privileges of his

employment and has been substantially and significantly injured in his career path.

38. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **PATTERSON** is entitled to all relief necessary to make him whole as provided for under the FCRA.

39. As a direct and proximate result of the Defendant's actions, **PATTERSON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

40. **PATTERSON** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

**<u>DEMAND FOR TRIAL BY JURY IS HEREBY MADE</u>**

Respectfully submitted,

Dated: May 26, 2022     **/s/ Benjamin H. Yormak**_____
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com